NORMAN LICHTMAN, PROSECUTOR, v. CHARLES H. BEN-NER, RECORDER OF THE TOWNSHIP OF DEPTFORD, THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF DEPTFORD AND THE BOARD OF HEALTH OF THE TOWNSHIP OF DEPTFORD, DEFENDANTS.

Submitted January 20, 1942—Decided February 11, 1942.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Lynwood Lord.*

For the defendants, *James B. Avis.*

BODINE, J. The prosecutor was charged with and convicted of a violation of the sanitary code of the Township of Deptford, in that he kept swine in the township without a permit having been first obtained from the Board of Health as required by the code.

1. Defects are alleged in the complaint in that it recites that the sanitary code was passed by the Township Committee December *9th,* 1930, when in fact it was adopted on that day by the Board of Health. *N. J. S. A.* 26:3-64. The variation is immaterial. Prosecutor knew of the provisions of the code. He sought a permit, could not get it and went on with the violation. The defect could have been cured by amendment.

2. Defects in the form of the conviction. It follows the statutory form, except in this "and sentenced him to pay a fine of $100 and $6.25 costs of court or 90 days in the County Jail."

Section 17 of the code is as follows: "Any person or persons violating any provisions of this Code shall be liable to a penalty of not less than twenty-five dollars and not more than one hundred dollars, the amount in each case to be determined by the trial judge, unless otherwise provided for herein." Such penalty conforms with *N. J. S. A.* 26:3-70.

The recorder imposing the sentence was authorized so to do by *N. J. S. A.* 26:3-77 as follows: "The district court, justice of the peace, police justice or recorder shall, if judg-

ment is rendered for the plaintiff, forthwith issue execution against the goods and chattels and person of the defendant, and may, unless an appeal is granted, cause a defendant who refuses or neglects to pay the amount of the judgment rendered against him and all costs and charges incident thereto, to be committed to the county jail for a period not exceeding ninety days." That such is the fact appears from the commitment entered.

The magistrate in imposing the sentence was, in short, saying to the defendant, as he could under the statute say, you are liable to pay a penalty of $100 and costs, and you shall stand committed till it is paid. Such is not an alternative sentence.

The writit is dismissed, with costs.